**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 11-40060-JPG |
| | ) |
| CLEVELAND J. WHITE FEATHER, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
AFFIRMATIVE JUSTIFICATION DEFENSES**

COMES Now the United States of America, by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and George Norwood, Assistant United States Attorney, and for its Motion in Limine states as follows:

**I. Factual and Procedural Background**

On December 2, 2009, defendant White Feather was incarcerated at the United States Penitentiary at Marion, Illinois ("USP-Marion"), serving a life sentence for murder. The defendant's cell mate, Robert Running Bear, Jr., was serving a 24 month sentence for failure to register as a sex offender. The defendant White Feather killed Mr. Running Bear while they were in their cell.

According to the defendant's statement to law enforcement officers on December 2, 2009 (which was made shortly after the defendant killed Mr. Running Bear), the killing Mr. Running Bear was not in self-defense. The defendant's basic story is as follows. The defendant said that he and Mr. Running Bear had a dispute about the light being on in their cell. The alleged dispute escalated. The defendant claimed that Mr. Running Bear came after the defendant with a razor blade and, in

response, the defendant choked Mr. Running Bear into unconsciousness. The defendant claimed that Mr. Running Bear awoke from unconsciousness and came after the defendant again. Again, the defendant choked Mr. Running Bear into unconsciousness. While Mr. Running Bear was laying unconscious, the defendant took a razor blade and made a small incision in Mr. Running Bear's abdomen. The defendant then used his hands to rip a large hole in Mr. Running Bear's abdomen. The defendant then reached his hand inside Mr. Running Bear's body and pulled out internal organs. This act caused the death of Mr. Running Bear.

There is a duress button located in the defendant's cell, which is very small (approximately 6' x 9'). If the defendant had simply pressed the duress button, a BOP staff member would have come to the cell to provide assistance.

The defendant was subsequently charged by a federal grand jury with murder by a federal prisoner serving a life sentence. The Government believes that the defendant may seek to introduce evidence in support of a self-defense or other affirmative justification defense at trial in this matter. The defendant is not entitled to raise such defenses as a matter of law because he cannot meet the long-standing and strict threshold requirements for their assertion formulated by the Seventh Circuit and reaffirmed in *United States v. Tokash*, 282 F.3d 962 (7th Cir. 2002) and *United States v. Sahakian*, 453 F.3d 905 (7th Cir. 2006), cases originating in this Court. Accordingly, the Government raises this issue pre-trial in an effort to prevent prejudicial, confusing, misleading, and inadmissible testimony from being introduced at trial.

## II. Argument

The Seventh Circuit has recognized three affirmative "justification" or "lesser-evils" defenses: necessity, duress, and self-defense. *United States v. Salgado-Ocampo*, 159 F.3d 322, 327 fn.6 (7th Cir. 1998); *United States v. Haynes*, 143 F.3d 1089, 1091 (7th Cir. 1998); *United States v. Perez*, 86 F.3d

735, 736 (7th Cir. 1996); *see also United States v. Hendricks*, 319 F.3d 993, 1007 (7th Cir. 2003). It has further recognized that the three defenses are "interchangeably lumped together under the rubric of the justification defense" and that the standards a court should use to determine the propriety of allowing a defendant to introduce evidence or argument on a such a defense can be drawn from cases dealing with any of the three such as the Supreme Court's decision in *Bailey* and the Seventh Circuit's decision in *Tokash*. *Salgado-Ocampo*, 159 F.3d at 322 ("Thus, *Bailey* and other cases falling under this aegis are salient here."); *Haynes*, 143 F.3d at 1091 ("For *Bailey* is not about duress so much as it is about the set of lesser-evil defenses that includes duress, necessity, and self-defense.").

Under the law of this circuit, it is clear that "justification defenses" such as necessity, duress, and self-defense are affirmative defenses which, in the face of a motion *in limine*, require a defendant proffer legally sufficient evidence on each element of the proposed defense in order to be allowed to present evidence or argument regarding such a defense at trial. *See generally Tokash*, 282 F.3d 962 (necessity); *United States v. Sawyer*, 558 F.3d 705 (7th Cir. 2009) (duress); *United States v. Ebert*, 294 F.3d 896, 899 (7th Cir. 2002) (self-defense); *United States v. Sahakian*, 453 F.3d 905, 908 n.7 ("Like self-defense or duress, necessity is an affirmative defense").

In *Tokash*, the Seventh Circuit reaffirmed its position, which is consistent with that of the United States Supreme Court and all other circuit courts of appeal, that the admissibility of evidence or argument purportedly offered to support an affirmative defense is properly determined by the trial court in a pre-trial ruling on a motion *in limine*. *See United States v. Bailey*, 444 U.S. 394, 416 (1979); *United States v. Haynes*, 143 F.3d 1089, 1090 (7th Cir. 1998) ("A judge may, and generally should, block the introduction of evidence supporting a proposed defense unless all of its elements can be established.").

Thus, where the Government moves *in limine* to preclude evidence of an affirmative defense,

it is incumbent upon the defendant to proffer legally sufficient evidence on each of the required elements of the proposed defense. *Tokash*, 282 F.3d at 967. If he fails to do so on any of the required elements, the Government's motion must be granted and the defense precluded. *Id.*

**B.     Required Elements For the Assertion of Self-Defense or other Justification Defenses.**

The Seventh Circuit, based on the Supreme Court's decision in *Bailey*, 444 U.S. 394, 416, has established an essential elements test to determine the appropriateness of self-defense or other justification defenses, again generically referred to by the court as "lesser-evil" defenses. Such defenses are available only when:

(1) the defendant faces an ***imminent*** threat; and

(2) the defendant had no reasonable legal alternatives to avoid the threat.

*Tokash*, 282 F.3d at 969; *Sahakian*, 453 F.3d at 909; *United States v. Schulte*, 7 F.3d 698, 700 (7th Cir. 1993).

In *Tokash*, the Seventh Circuit was urged by defendant (also USP-Marion inmates) to modify its justification defense jurisprudence by "adopt[ing] a rule stating that imminence is not an essential element of the lesser-evil defenses," but rather merely one factor to be considered. 282 F.3d at 968-969. In summarily rejecting this argument, the court unequivocally stated:

> We have repeatedly and unquestioningly held that a defendant claiming a defense of necessity or duress must establish that he was under imminent fear of death or serious bodily harm. *See, e.g.*, *United States v. Jocic*, 207 F.3d 889, 892 (7th Cir.2000); *United States v. Salgado-Ocampo*, 159 F.3d 322, 326 (7th Cir.1998); *United States v. Haynes*, 143 F.3d 1089, 1090 (7th Cir.1998); *United States v. Elder*, 16 F.3d 733, 738 (7th Cir.1994); *United States v. Schulte*, 7 F.3d 698, 699-700 (7th Cir.1993). ***We decline appellants' invitation to revisit this long line of precedent and reaffirm our holding that a criminal defendant seeking to invoke a justification defense must, as a condition precedent, establish that he faced an imminent threat and had no reasonable legal alternatives to avoid that threat.***

282 F.3d at 969 (emphasis added).

The court further reaffirmed that an "imminent" threat means exactly that: an immediate attack and not a fear of some future violent act. *Id.* at 969.

Finally, the court held that equally as fatal to an attempt to assert a "lesser-evils" defense is a failure to seek all reasonably available legal alternatives to the criminal conduct. *Id.; Sahakian*, 453 F.3d at 910; *see also Bailey*, 444 U.S. at 410 ("Under any definition of these defenses, one principle remains constant: if there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm', the defense will fail.").

**C.     Defendant cannot satisfy the elements of self-defense or other "lesser-evils" defense.**

In light of the Seventh Circuit precedent and the specific facts surrounding the defendant's attack on Mr. Running Bear in this case outlined above in Section I, the Government is not aware of any evidence that defendant can cite to or produce which would satisfy any of the elements required for the assertion of self-defense or other "lesser-evils" defense. By the defendant's own admission, Mr. Running Bear was laying unconscious when the defendant made an incision with a razor blade into Mr. Running Bear's abdomen, used his hands to rip open Mr. Running Bear's abdomen, and reached into the abdomen and pulled out Mr. Running Bear's internal organs. A person laying unconscious cannot be deemed an imminent threat of harm to the defendant.

In addition, the defendant twice choked Mr. Running Bear unconscious. There was a duress button in the cell by which the defendant could summon assistance from BOP staff. Thus, the defendant twice had the opportunity to push the duress button and summon help for himself or Mr. Running Bear. The defendant never pushed the duress button to summon staff to remove Mr. Running Bear from the cell, or ask that he (the defendant) be removed from the cell. This simple act of pushing the duress button would have been a reasonable legal alternative to killing Mr. Running Bear.

In any event, if defendant does intend to attempt to assert such a defense, it is incumbent upon

him to proffer sufficient evidence of each of the required elements in response to this motion. *Tokash*, 282 F.3d at 967. If he cannot produce such evidence, or if the evidence in insufficient, he must be precluded from offering evidence or argument regarding such defenses.

**D.     Conclusion**

For these reasons, the Government respectfully requests that this Honorable Court grant this motion *in limine* and bar any evidence or argument relating to self-defense or any other related justification defense.

> Respectfully submitted,
> STEPHEN R. WIGGINTON
> United States Attorney
>
>
> s/George A. Norwood
> GEORGE A. NORWOOD
> Assistant United States Attorney
> 402 West Main Street, Suite 2A
> Benton, IL 62812
> (618) 439-3808
> Fax: (618) 439-2401
> E-mail: george.norwood@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2013, I electronically filed

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
AFFIRMATIVE JUSTIFICATION DEFENSES**

with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to

the following:

Dan Schattnik

    Respectfully submitted,

    STEPHEN R. WIGGINTON
    United States Attorney


    s/George A. Norwood
    GEORGE A. NORWOOD